THE CHASE MANHATTAN BANK,
As Collateral Agent, Plaintiff,

v.

IRIDIUM AFRICA CORPORATION; Iridium Canada, Inc.; Iridium China (Hong Kong) Ltd.; Iridium India Telecom Ltd.; Iridium Middle East Corporation; Iridium Sudamerica Corporation; Khrunichev State Research and Production Space Center; Korea Mobile Telecommunications Corporation; Lockheed Martin Corporation; Motorola, Inc.; Nippon Iridium (Bermuda) Ltd.; Pacific Electric Wire & Cable Co., Ltd.; Raytheon Company; Sprint Iridium, Inc.; Stet–Societa Finanziaria Telefonica Per Azioni; Thai Satellite Telecommunications Co., Ltd.; and Vebacom Holdings, Inc., Defendants.

No. Civ.A. 00–564 JJF.

United States District Court,
D. Delaware.

Nov. 25, 2003.

Stephen E. Jenkins, Regina A. Iorii, of Ashby & Geddes, Wilmington, Delaware. Barry R. Ostrager, Mary Kay Vyskocil, David J. Woll, of Simpson Thacher & Bartlett, New York, New York, Richard A. Mescon, David Stoelting, of Morgan, Lewis & Backius LLP, New York, New York, for Plaintiff The Chase Manhattan Bank, as Collateral Agent, of counsel.

William J. Marsden, Jr., John T. Meli, Jr., of Fish & Richardson P.C., Wilmington, Delaware, for Defendants Iridium Africa Corporation, Iridium Middle East Corporation and Khrunichev State Research and Production Space Center, Michael E. Wiles, Suzanne M. Grosso, of Debevoise & Plimpton, New York, New York, for Defendant Krunichev State Research and Production Space Center, of counsel.

Robert A. Burgoyne, of Fulbright & Jaworski LLP, Washington, D.C., for Defen-

dants Iridium Africa Corporation and Iridium Middle East Corporation, of counsel.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is The Chase Manhattan Bank's ("Chase") Objections To The Magistrate Judge's Recommendation Dated October 23, 2002 Regarding Chase's Implied In Fact Contract Claim. (D.I. 798.) For the following reasons, the Court will adopt the Magistrate Judge's Report and Recommendation.

## BACKGROUND

The dispute in this case arises from an $800 million loan Chase extended to Iridium LLC in 1998 (the "Chase Loan"). As security for this loan, Iridium LLC and its Members purportedly pledged the Members' Reserve Capital Call ("RCC") obligations to Chase. Iridium LLC and its Members effectuated this pledge through amendments to the LLC Agreement and various other agreements. Upon Iridium LLC's default on the Chase Loan, Chase unsuccessfully attempted to call the Members' RCC obligations and commenced the instant action.

On October, 23, 2002, the Magistrate Judge issued a Report and Recommendation denying Chase's motion to include an implied-in-fact contract claim. In the Report and Recommendation, the Magistrate Judge concluded, as a matter of law, that Chase's implied-in-fact contract cannot exist. By its Objections, Chase requests the Court to reject the Magistrate Judge's Report and Recommendation and permit it to pursue its implied-in-fact contract claim at trial.

## STANDARDS OF REVIEW

### I. Review Of A Magistrate Judge's Determination

A court may overrule a magistrate judge's decision on a non-dispositive matter only if the decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). However, a district court shall conduct a de novo determination of a magistrate judge's decision on a dispositive matter. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's denial of a party's leave to amend is ordinarily a non-dispositive matter. 14 *Moore's Fed. Practice*, § 72.02[8]. However, if the denial of the motion to amend disposes of a claim, the magistrate judge's ruling is dispositive in nature. *See Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir.1998). Applying these principles to the Magistrate Judge's order, the Court will review the Magistrate Judge's entry of judgment against and refusal to permit Chase to amend its Amended Complaint Chase's to include the implied-in-fact claim de novo. Further, the Court will review the Magistrate Judge's decision to revisit her pretrial ruling under the clearly erroneous standard.

### II. Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976). However, a court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

Thus, to properly consider all of the evidence without making credibility determinations or weighing the evidence the "court should give credence to the evidence favoring the [non-movant] as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.*

To defeat a motion for summary judgment, Rule 56(c) requires the non-moving party to:

> do more than simply show that there is some metaphysical doubt as to the material facts.... In the language of the Rule, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." ...
> Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is "no genuine issue for trial."

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Accordingly, a mere scintilla of evidence in support of the non-moving party is insufficient for a court to deny summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).[1]

## DISCUSSION

**I. Whether An Implied–In–Fact Contract Claim May Exist When The Parties To The Implied–In–Fact Contract Have An Express Agreement Dealing With The Same Subject**

In her Report and Recommendation, the Magistrate Judge concluded that Chase's implied-in-fact contract claim could not exist as a matter of law because a party may not "sue under both expressed contract terms and implied contract terms that are the same." (D.I. 794 at 16.) Chase objects to this Report and Recommendation, contending that a party may plead an implied-in-fact contract claim in the alternative to an express contract claim. (D.I. 798.) In response, the Defendants denote their agreement with the Magistrate Judge's Report and Recommendation. (D.I.813.)

■ The Court notes that it previously issued a Memorandum Order on September 30, 2003 (the "September 30th Order"), resolving this issue. *See The Chase Manhattan Bank v. Iridium Italia S.p.A., Pacific Asia Communications Ltd., and Pacific Iridium Holdings, Inc.*, C.A. No. 02–1368 JJF. The Court finds the same analysis applicable to the instant Objections as Chase makes virtually identical arguments here. As noted in the Court's September 30th Order, "no implied-in-fact contract can be found when ... the parties have an express agreement dealing with the same subject." *Penn Central Transp. Co.*, 831 F.2d 1221, 1229 (3d Cir.1987); *Klebe v. United States*, 263 U.S. 188, 44 S.Ct. 58, 68 L.Ed. 244 (1923). To be valid, the implied contract must be "entirely unrelated to the express contract." *ITT Fed. Support Serv., Inc. v. United States*, 209 Ct.Cl. 157, 531 F.2d 522, 528 (1976). Further, as in the September 30th Order, the Court concludes that the existence of the LLC Agreement, which Chase asserts provides for the Defendants' obligations to pay their

---

1. The Magistrate Judge did not express in her Report and Recommendation what standard she used in entering judgment against Chase's implied-in-fact contract claim. After reviewing the Report and Recommendation, the Court finds that the Magistrate Judge used the Rule 56 standard in finding that as a matter of law Chase's implied-in-fact contract claim cannot exist. Accordingly, the Court will address Chase's Objections under the Rule 56 standard.

RCC obligations, excludes Chase's implied-in-fact contract claim seeking identical recovery. Accordingly, the Court will adopt the Magistrate Judge's Report and Recommendation granting Defendants judgment against Chase's implied-in-fact contract claim.[2]

## II. Whether The Magistrate Judge Committed Error When Revisiting A Prior Ruling

Chase also objects to the Magistrate Judge's decision to reopen her ruling on the viability of Chase's implied-in-fact contract claim. (D.I. 798 at 5–8.) In April 2002, the Magistrate Judge issued a Report and Recommendation on summary judgment in which she found that Chase should be permitted to pursue its implied-in-fact contract claim at trial. Subsequently, in a June 13, 2002 pretrial, the Magistrate Judge again denied the Defendants' attempt for judgment against Chase's implied-in-fact claim. However, the Magistrate Judge, in a June 24 conference, reopened this issue and requested briefing on the implied-in-fact contract claim. In her October 23, 2002 Report and Recommendation, the Magistrate Judge concluded that Chase's implied-in-fact contract claim could not exist as a matter of law.

Chase contends that the Magistrate Judge's reopening of her determination on the implied-in-fact contract claim was erroneous because her previous rulings were "the law of the case." (D.I. 798 at 7 n. 4.) Further, Chase contends that the Magistrate Judge's reconsideration of her previous ruling was error because the Defendants never objected to her initial determination with an appeal to this Court. For the following reasons, the Court rejects Chase's claims of error.

 Chase cites no case, and the Court has found none, that prevents a magistrate judge from reconsidering his or her own rulings. While Federal Rule of Civil Procedure 70 provides a ten day period for a party to object to a magistrate judge's order, the rule does not circumscribe a magistrate judge's ability to conduct the proceedings before him or her. Accordingly, the Court concludes that it was within the Magistrate Judge's discretion to reconsider her own rulings, and therefore, the Court will deny Chase's objection on this issue.

## CONCLUSION

For the reasons discussed, the Court will adopt the Magistrate Judge's Report and Recommendation regarding Chase's implied-in-fact contract claim.

An appropriate Order will be entered.

## *ORDER*

WHEREAS Plaintiff The Chase Manhattan Bank ("Chase") filed Objections To The Magistrate Judge's Recommendation Dated October 23, 2002 Regarding Chase's Implied In Fact Contract Claim (D.I.798);

NOW THEREFORE, IT IS HEREBY ORDERED this 25th day of November, 2003, that the Magistrate Judge's Report and Recommendation entering Judgment against Chase's Implied–In–Fact Contract Claim is *ADOPTED*.

---

**2.** Based upon its conclusion, the Court will not discuss Chase's objections regarding leave to amend and Rule 8 of the Federal Rules of Civil Procedure.